IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL SAM,

        Defendant.

Case No. 21-CR-81-CVE

## MEMORANDUM AND ORDER

On March 9, 2022, the government filed a "Notice of Intent to Call Expert Witness" (Doc. 112). The government seeks to call Agent Brett Williams, a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, to testify at trial about gunfire damage to a vehicle. Doc. 112 at 2. Mr. Sam has filed a "Motion to Exclude Government's Expert Witness" (Doc. 113) because the government's notice is untimely. As explained below, the court grants Mr. Sam's motion.

Fed. R. Crim. P. 16(a)(1)(G)[1] provides that, at "defendant's request,[2] the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at

---

[1] The government provided its notice under Fed. R. Crim P. 16(a)(1)(E), but Rule 16(a)(1)(E) governs documents and objects. Doc. 112 at 1. The court construes the government's notice as a notice under Fed. R. Crim. P. 16(a)(1)(G)—the rule's provision for expert witnesses.

[2] Mr. Sam filed his Rule 16(a)(1)(G) request for expert witness disclosure on January 31, 2022. Doc. 49.

trial." The government's written summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.*

Here, the court set deadlines for expert witness disclosures. At a conference on February 7, 2022, the court established a deadline of February 23 for the government to provide the defense with its witness list. The government doesn't deny that its March 9 disclosure of Agent Williams's testimony is untimely.

Fed. R. Crim. P. 16(d)(2) provides that if a party fails to comply with Rule 16's requirements, the court may: grant a continuance, prohibit that party from introducing the undisclosed evidence, or enter any other order that is just under the circumstances. Mr. Sam asks that the court exclude Agent Williams's testimony. Doc. 113 at 4.

District courts have broad discretion to exclude untimely expert testimony. *United States v. Paup*, 933 F.3d 1226, 1230 (10th Cir. 2019). District courts consider the three *Wicker* factors when determining whether to impose a discovery sanction against the government in a criminal case:

> (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance.

*United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988) (citation omitted). These "factors do not 'dictate the bounds of the court's discretion,' but 'merely guide the district court in its consideration of sanctions.'" *Paup*, 933 F.3d at 1232 (quoting *Wicker*, 848 F.2d at 1061).

Here, on the first *Wicker* factor, the government has informed the court that it delayed producing the notice of Agent Williams's testimony because it recently received Mr. Sam's

witness list and, based on it, concluded that defendant's disclosure revealed that it might need to call Agent Williams. The court finds no evidence of bad faith in the government's explanation. The second *Wicker* factor favors Mr. Sam. Mr. Sam asserts that the government's delay prejudices him because he doesn't "have adequate time to prepare for cross examination or the opportunity to call a rebuttal expert witness." Doc. 113 at 3; *see also United States v. Sandoval*, 680 F. App'x 713, 716 (10th Cir. 2017) (explaining that Fed. R. Crim. P. 16 ensures "that an opposing party will have time to adequately prepare for trial" including time "to prepare effective cross-examination . . . or to obtain a competing expert" (citation and internal quotation marks omitted)). The third factor disfavors a continuance. While a continuance might cure the prejudice to Mr. Sam, neither party seeks a continuance. Mr. Sam argues "continuance of the trial is not an adequate remedy." Doc. 113 at 3. And, during a trial conference on March 10, the government informed the court that, given the choice between a continuance and not calling Agent Williams, the government will forego Agent Williams's expert testimony in its case-in-chief. In sum, the court, in its discretion, concludes that the *Wicker* factors warrant excluding Agent Williams's expert testimony.

Thus, the court grants Mr. Sam's motion to exclude Agent Williams's testimony.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michael Sam's "Motion to Exclude Government's Expert Witness" (Doc. 113) is granted.

**IT IS SO ORDERED.**

**Dated this 11th day of March, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
