IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 21-00081-01-DDC |
| v. | |
| MICHAEL SAM (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Michael Sam has filed a pro se[1] Motion to Reduce Sentence (Doc. 240). The motion invokes 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Mr. Sam asserts that the Sentencing Commission lowered his sentence with the retroactive Amendment 821 to the Sentencing Guidelines.

As relevant here, Amendment 821 lowers the criminal-history points a defendant receives if he committed the offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." United States Sentencing Commission, *Amendment 821*, https://www.ussc.gov/guidelines/amendment/821 (last visited Dec. 16, 2025). The Guidelines previously added two criminal-history "points if the

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

defendant committed the instant offense while under any criminal justice sentence[.]" U.S.S.G. § 4A1.1.(d) (2021). Following Amendment 821, the Guidelines now add just one-criminal history point if the defendant committed the offense while under a criminal-justice sentence—and only if the defendant received seven or more criminal-history points. U.S.S.G. § 4A1.1.(e) (2024).

Amendment 821 took effect on November 1, 2023. The court sentenced Mr. Sam on April 29, 2024. Doc. 238. So, Mr. Sam's Presentence Investigation Report (PSR) already incorporates Amendment 821's changes. Mr. Sam's prior criminal convictions produced a criminal-history score of four. PSR ¶ 18. No criminal-history points were added for committing the offense while under a criminal-justice sentence, consistent with the new U.S.S.G. § 4A1.1.(e). *Id.*

So, Mr. Sam already has received the full benefit of Amendment 821, and the court may not reduce his sentence any further. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (explaining that, to secure sentence reduction under § 3582(c)(2), "the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing" and if the defendant fails to make this showing, "the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed").

Mr. Sam also asks that the court appoint him counsel. Doc. 241. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). And Mr. Sam capably presented his arguments himself even though he lost. The court thus denies Mr. Sam's request for counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Michael Sam's Motion to Reduce Sentence (Doc. 240) is dismissed.

**IT IS FURTHER ORDERED THAT** defendant Michael Sam's Motion for Appointment of Counsel (Doc. 241) is denied.

**IT IS SO ORDERED.**

**Dated this 17th day of December, 2025, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**
